02-10-187-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00187-CR

 

 


 
 
 Eric Ramon Acevedo
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
March 2008, Appellant Eric Ramon Acevedo stabbed and killed Mollieann Worden,
his ex-girlfriend.  A jury convicted Acevedo of capital murder, and the trial
court sentenced him to an automatic life sentence.[2] 
In a single point, Acevedo argues that the trial court erred by prohibiting him
from presenting evidence that he acted under a diminished mental capacity when
he killed Worden.  We will affirm.

          The
court of criminal appeals has consistently reasoned that Texas does not
recognize diminished capacity as an affirmative defense.  See Mays v. State,
318 S.W.3d 368, 380–81 (Tex. Crim. App. 2010), cert. denied, 131
S. Ct. 1606 (2011); Ruffin v. State, 270 S.W.3d 586, 593 (Tex.
Crim. App. 2008); Jackson v. State, 160 S.W.3d 568, 573–74 (Tex. Crim.
App. 2005).  “The Texas Legislature has not enacted any affirmative defenses,
other than insanity, based on mental disease, defect, or abnormality.  Thus,
they do not exist in Texas.”  Ruffin, 270 S.W.3d at 593 (internal
footnote omitted).  Instead, the diminished-capacity doctrine is simply a
failure-of-proof defense.  Jackson, 160 S.W.3d at 573.  As with the
other elements of the offense, relevant evidence, including evidence of the
defendant’s mental condition, may be presented to rebut or negate the
defendant’s culpable mens rea.  Id. at 574.  But evidence
may not be admitted, nor may defense counsel argue, that the defendant, because
of his mental condition, did not have the capacity to form the mens rea
necessary for commission of the offense.  Id.  As explained in Jackson,

The State presented
evidence that Appellant intentionally and knowingly caused the death of his
brother.  Appellant attempted to negate this evidence by introducing evidence
of his history of mental illness through the testimony of his mother and
sister, as well as the defense expert witness, Dr. Grigson. . . . 
The jury was able to hear all of this evidence, determine the weight of the
evidence, and choose whether or not Appellant possessed the requisite mens rea
to commit this offense.  The jury believed that he did.  The only thing
Appellant was prevented from doing is arguing that the jury should find that he
did not have the capacity to make the decision to intentionally and knowingly
cause bodily injury and thus should find him not guilty.  However, presenting
evidence of mental illness does not then allow the defense to argue that the
defendant is absolutely incapable i.e., does not have the capacity to
intentionally or knowingly perform an act.  There is simply no defense
recognized by Texas law stating that, due to the defendant’s mental illness, he
did not have the requisite mens rea at the time of the offense
because he does not have the capacity, or is absolutely incapable of ever
forming that frame of mind.

 

Id. at
574–75.

          In
this case, Dr. James Robert Womack testified for the defense that Acevedo
suffered from chronic posttraumatic stress disorder.  The trial court permitted
defense counsel to question Dr. Womack whether, in his opinion, Acevedo
intentionally or knowingly killed Worden, but the trial court prohibited defense
counsel from questioning Dr. Womack whether Acevedo, because of his mental
condition, had the capacity to intentionally or knowingly kill Worden.  Thus,
the trial court permitted Acevedo to introduce evidence of his mental condition
to negate the mens rea element, but it prohibited Acevedo from
presenting evidence of his mental condition to demonstrate that he lacked the
capacity to form the requisite mens rea.  As Acevedo himself
acknowledges, the trial court’s evidentiary ruling is consistent with Jackson’s
directive and the binding caselaw addressing diminished capacity.  See
Jackson, 160 S.W.3d at 573–75; see also Mays, 318 S.W.3d at 380–81; Ruffin,
270 S.W.3d at 593.  Accordingly, we hold that the trial court did not abuse its
discretion by prohibiting Acevedo from presenting evidence that he acted under
a diminished mental capacity when he killed Worden.  See Jackson, 160
S.W.3d at 573–75; Montgomery v. State, 810 S.W.2d 372, 378–79 (Tex.
Crim. App. 1990) (op. on reh’g) (stating that appellate court reviews trial
court’s decision to admit or exclude evidence for an abuse of discretion).  We
overrule Acevedo’s sole point and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]The State waived the death
penalty.